McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone: (973) 622-7711
Facsimile: (973) 622-5314
Attorneys for Defendants,
Virginia Surety Company, Inc. and
Cambridge Integrated Services Group, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

------------------------------------------------------- x

MACEDOS CONSTRUCTION COMPANY,
INC., OF NEW JERSEY

                                Civil Action Number:

                   Plaintiff,

        -against-               **NOTICE OF REMOVAL**

VIRGINIA SURETY COMPANY, and
CAMBRIDGE INTEGRATED SERVICES,

                 Defendants.

------------------------------------------------------- x

     Defendants, Virginia Surety Company, Inc. ("VSC") having its principal

place of business in Illinois, and Cambridge Integrated Services Group, Inc.,

("Cambridge") having its principal place of business in Illinois, through their

counsel, McElroy, Deutsch, Mulvaney, & Carpenter LLP, hereby submit this

Notice of Removal pursuant to 28 U.S.C. § 1441, *et seq.* and give notice thereof in

accordance with 28 U.S.C. § 1446 upon the following grounds:

1.     On or about May 22, 2009, Plaintiff, Macedos Construction Company, Inc., of New Jersey ("MCC") filed a civil action against defendants VSC and CISGI in the New Jersey Superior Court, Hunterdon County, Law Division, docket no. HUN-L-464-07 (hereinafter referred to as the "State Action"), by filing Third-Party Summonses and a Third-Party Complaint.

2.     True and accurate copies of the Third-Party Summonses and the Third-Party Complaint filed by MCC in the State Action are attached hereto as **Exhibit "A."** Exhibit "A" constitutes all process, pleadings and orders filed in the State Action with respect to the Third-Party Complaint filed by MCC.

3.     On June 15, 2009, the Defendants VSC and Cambridge received the Third-Party Summons and Third-Party Complaint.

4.     This Notice of Removal is being filed within thirty (30) days after receipt of the Third Party Summonses and Third-Party Complaint and is timely filed under 18 U.S.C. § 1446(b).

5.     MCC is a New Jersey corporation with its principal place of business at 25 Minneakoning Road, Flemington, New Jersey.

6.     At the time the State Action was filed, defendant VSC was, and continues to be, a corporation organized and existing by virtue of the laws of Illinois with its principal place of business at 175 West Jackson Blvd., 11th Floor, Chicago, Illinois 60604.

7.    At the time the State Action was commenced Cambridge was, and continues to be, a corporation organized and existing by virtue of the laws of the State of Pennsylvania with its principal place of business located at 175 West Jackson Blvd # 1000, Chicago, Illinois 60604.

8.    There was at the time the State Action was filed, and there continues to be, complete diversity of citizenship between MCC and defendants VSC and CISGI as contemplated by 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

9.    The amount in controversy in this matter exceeds $75,000. (*See* Third Party Complaint ¶ 51-52).

10.    There was at the time the State Action was filed, and there continues to be, a federal civil action pending in the United States District Court, District of New Jersey, between VSC and *inter alia*, MCC, styled *Virginia Surety Company, Inc. v. Jack Macedo et al.* Civil Action No. 08-5586 (JAG)("Federal Action")("Federal Complaint", annexed hereto as **Exhibit "B"**) based on the same policies of insurance and same conduct alleged in the Complaints, alleging, *inter alia*, violations of the Racketeer Influenced and Corrupt Organizations Act of 1970, 18 U.S.C.A. §§ 1961 *et seq.*, violations of the New Jersey Insurance Fraud Prevention Act, N.J.S.A. § 17:33A-1 *et seq.*, and seeking rescission of the subject workers compensation/employer's liability and commercial general liability insurance policies at issue in the Third-Party Complaint. (*See* Federal Complaint).

**11.**    In the Third Party Complaint, MCC alleges the following five counts: Count I - (Breach of Contract as against VSC and Cambridge); Count II – (Breach of the Duty of Good Faith and Fair Dealing as against VSC); Count III – (Civil Conspiracy as against VSC and Cambridge); Count IV - (Declaratory Judgment – declaring the obligations of VSC); Count V – (Tortious Bad Faith Denial of Benefits as against VSC and Cambridge). (See Third Party Complaint).

**12.**    The matters raised by the federal civil RICO defendants MCC in its State Action by way of Third-Party Complaint constitute compulsory counterclaims in the Federal Action that was pending at the time the State Action was commenced. The conduct of MCC contravenes the purpose of FED.R.CIV.P. 13(a) because it creates a multiplicity of actions and the potential for conflicting ruling sand judgments, wastes judicial resources, unduly burdens the litigation process, and constitutes improper forum shopping with the purpose of attempting to deprive the defendants VSC and Cambridge to remove the Third-Party Complaint to the United States District Court for the District of New Jersey.

**13.**    The Federal Action was filed prior to the State Action. Both cases involve substantially the same parties, the same claims, and the same legal issues. MCC will have the opportunity for adequate relief in the first-filed Federal Action. The matters raised by MCC also relate to matters raised by Carlos Peixoto and Christine Peixoto in their Third-Party Complaint in the same State Action, which

was removed by VSC and Cambridge on July 3, 2009, and is currently pending under Civil Action No. 09-3297 (JAG-MCA). Under an abundance of caution and to preserve all rights, remedies and defenses that VSC and Cambridge has with respect to MCC's Third-Party Complaint, VSC and Cambridge likewise remove MCC's Third-Party Complaint.

14. This Court has original jurisdiction over the Federal and State Actions pursuant to 28 U.S.C. §§ 1331 and 1332. Federal question jurisdiction is established by the pending Federal Complaint alleging violations of the Federal Civil RICO statute, 18 U.S.C.A. §§ 1961 *et seq* against, *inter alia*, MCC, and by MCC's artful attempt to circumvent adjudication of its compulsory counterclaims by filing the same in State Court under the guise of a Third-Party Complaint. Complete diversity of citizenship existed between the parties at the time the State Action was filed and it continues to exist. The amount in controversy in the State Action exceeds $75,000, exclusive of interest and costs.

15. The requirement under 28 U.S.C. 1446(b) that all defendants join in the notice of removal has been satisfied as this notice of removal is being filed on behalf of VSC and Cambridge by and through their attorneys McElroy, Deutsch, Mulvaney & Carpenter, LLP.

**16.**    Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place where the removed action has been pending.

**WHEREFORE**, VSC and Cambridge pray that the Third-Party Complaint filed by MCC in the State Action be removed to this Court.

McELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP
Attorneys for Defendant,
Virginia Surety Company, Inc. and Cambridge
Integrated Services Group, Inc.

Dated: July 15, 2009        By:    /S/ RYAN P. MULVANEY
Ryan P. Mulvaney
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone: (973) 622-7711
Facsimile: (973) 622-5314

# EXHIBIT "A"

CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500
Attorneys for Defendants
Macedos Construction Company
Inc. of New Jersey

| | |
|---|---|
| JOSE MOREIRA and ROSA GOMES,<br><br>    Plaintiffs,<br><br>v.<br><br>CARLOS PEIXOTO, CHRISTINE PEIXOTO, MACEDOS CONSTRUCTION COMPANY, INC. OF NEW JERSEY, et al.,<br><br>    Defendants,<br><br>and<br><br>MACEDOS CONSTRUCTION COMPANY, INC. OF NEW JERSEY,<br><br>    Third-Party Plaintiffs,<br><br>v.<br><br>VIRGINIA SURETY COMPANY, INC., CAMBRIDGE INTEGRATED SERVICES,<br><br>    Third-Party Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION:  HUNTERDON COUNTY<br>DOCKET NO. HUN-L-464-07<br><br><br>Civil Action<br><br><br>**SUMMONS** |

*From The State of New Jersey*

To The Third-Party Defendant
Named Above:

**Cambridge Integrated Services**
**c/o Prentice Hall Corp. System**
**830 Bear Tavern Road**
**Trenton, NJ  08628**

    The Third-Party Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35

2164349-01

days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 for Law Division and $135.00 for Chancery Division and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

*/s/ Donald F. Phelan*

DONALD F. PHELAN, Clerk

Dated: June 15, 2009

Name of Third-Party Defendant to be served:     **Virginia Surety Company, Inc.**

Address for Service:     **c/o Prentice Hall Corp. System
830 Bear Tavern Road
Trenton, NJ 08628**

2164349-01

CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500
Attorneys for Defendants
Macedos Construction Company
Inc. of New Jersey

| | |
|---|---|
| JOSE MOREIRA and ROSA GOMES,<br><br>    Plaintiffs,<br><br>v.<br><br>CARLOS PEIXOTO, CHRISTINE PEIXOTO,<br>MACEDOS CONSTRUCTION COMPANY, INC. OF<br>NEW JERSEY, et al.,<br><br>    Defendants,<br><br>and<br><br>MACEDOS CONSTRUCTION COMPANY, INC. OF<br>NEW JERSEY,<br><br>    Third-Party<br>    Plaintiffs,<br><br>v.<br><br>VIRGINIA SURETY COMPANY, INC.,<br>CAMBRIDGE INTEGRATED SERVICES,<br><br>    Third-Party<br>    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION:  HUNTERDON COUNTY<br>DOCKET NO. HUN-L-464-07<br><br><br>Civil Action<br><br><br>**PROOF OF SERVICE** |

Attorney: **Christine I. Gannon, Esq.**

Papers Served: **Summons and Complaint**

Service Data:
Served Successfully _____

____ Delivered a copy to him / her personally

____ Left a copy with a competent household
        Member over 14 years of age residing
        Therein (indicate name & relationship at right)

____ Left a copy with a person authorized to
        Accept service, e.g., managing agent,
        Registered agent, etc.
        (Indicate name & official title at right)

Not Served _____ Date: _____ Time: _____

Attempts: _____

Name of Person Served and
relationship / title:

_____

_____

2164349-01

Description of Person Accepting Service:

Sex: _____ Age: _____ Height: _____ Weight: _____ Skin Color: _____ Hair Color: _____

Unserved:

( )  Defendant is unknown at the address furnished by the attorney
( )  All reasonable inquires suggest defendant moved to an undetermined address
( )  No such street in municipality
( )  No response on:         _____ Date         _____ Time
                            _____ Date         _____ Time

( )  Other: _____          Comments or Remarks _____

Server Data:                            I, _____, was at the time of service a
                                        competent adult not having a direct interest in
Subscribed and Sworn to me this         the litigation. I declare under penalty of perjury
_____ day of _____            that the foregoing is true and correct.


_____                 _____
Notary Signature                        Signature of Process Server          Date
Name of Notary / commission expiration

2164349-01

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court Civil Division, Direct Filing
1201 Bacharach Boulevard
Atlantic City, New Jersey 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY**
Deputy Clerk of the Superior Court
Case Processing Section
Room 119
Justice Ctr, 10 Main Street
Hackensack, NJ -7601-7698
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
1st Floor, Courts Facility
49 Rancocas Road
Mount Holly, New Jersey 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
1st Fl., Hall of Records
101 S. Fifth Street
Camden, New Jersey 08103
LAWYER REFERRAL
(609) 964-4520
LEGAL SERVICES
(609) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
9 N. Main St.
Box DN-209
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts. P.O. Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL
(609) 452-5291
LEGAL SERVICES
(609) 451-0003/935-8024

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court Hall of Records,
Room 237
465 Dr. Martin Luther King Blvd.
Newark, New Jersey 07102-1681
LAWYER REFERRAL
(973) 533-1779
LEGAL SERVICES
(973) 624-5360

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Ofc.
Attn: Intake
Court House
1 North Broad St., P.O. Box 129
Woodbury, NJ 08096
LAWYER REFERRAL
(609) 848-4589
LEGAL SERVICES

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Civil Records Dept.
Brennan Court House - 1st Floor
583 Newark Avenue
Jersey City, New Jersey 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL
(609) 788-6112
LEGAL SERVICES
(609) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad St., P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 989-8880
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Administration Bldg
Third Floor
1 Kennedy Square, P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
71 Monument Park
P.O. Box 1262
Court House, West Wing
Freehold, NJ 07728-1262
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 747-7400

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division - Hall of Records
P.O. Box 910
Morristown, New Jersey 07963-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Rm 119
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division - Courthouse
77 Hamilton Street
Paterson, New Jersey 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 345-7171

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market St., P.O. Box 18
Salem, NJ 08079
LAWYER REFERRAL
(609) 678-8363
LEGAL SERVICES
(609) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Fl.
P.O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Floor, Courthouse
2 Broad Street
Elizabeth, New Jersey 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 345-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 475-2010

CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500
Attorneys for Defendants
Macedos Construction Company
Inc. of New Jersey



RECEIVED/FILED
SUPERIOR COURT OF N.J.
HUNTERDON COUNTY

2009 MAY 26  AM 10: 54

DEPUTY CLERK
CIVIL DIVISION

| | |
|---|---|
| JOSE MOREIRA and ROSA GOMES,<br><br>     Plaintiffs,<br><br>v.<br><br>CARLOS PEIXOTO, CHRISTINE PEIXOTO, MACEDOS CONSTRUCTION COMPANY, INC. OF NEW JERSEY, et al.,<br><br>     Defendants,<br><br>and<br><br>MACEDOS CONSTRUCTION COMPANY, INC. OF NEW JERSEY,<br><br>     Third-Party Plaintiffs,<br><br>v.<br><br>VIRGINIA SURETY COMPANY, INC., CAMBRIDGE INTEGRATED SERVICES,<br><br>     Third-Party Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: HUNTERDON COUNTY<br>DOCKET NO. HUN-L-464-07<br><br><br>Civil Action<br><br><br>**THIRD-PARY COMPLAINT OF MACEDOS CONSTRUCTION COMPANY, INC. OF NEW JERSEY** |

Third-Party Plaintiff Macedos Construction Company, Inc. of New Jersey ("MCC"), by and through their attorneys Connell Foley LLP, for its Complaint against Third-Party Defendants Virginia Surety Company Inc. ("VSC") and Cambridge Integrated Services Group, Inc. ("Cambridge"), states as follows:

2127242-04

## PARTIES

1.    MCC is a New Jersey corporation that maintains its principal place of business at 25 Minneakoning Road, Flemington, New Jersey.

2.    VSC is an Illinois company that maintains its principal place of business in Illinois.

3.    Cambridge is a Connecticut company that maintains its principal place of business at 340 Pemberwick Road, Greenwich, Connecticut.

## ALLEGATIONS COMMON TO ALL CLAIMS

3.    VSC is in the business of providing insurance.

4.    VSC issued a Workers Compensation and Employers Benefits Insurance Policy to MCC for the period March 31, 2005 through March 31, 2006 (the "Workers Compensation Policy").

5.    VSC also issued a Commercial General Liability Policy to MCC for the period March 31, 2005 through March 31, 2006 (the "GL Policy").

6.    The premiums on the Workers Compensation Policy and the GL Policy (collectively the "Policies") were paid in full by MCC.

7.    Cambridge is a third-party administrator that supervises and executes VSC's business in all aspects of dealing with insured and claims reported by insureds.

8.    Cambridge is an agent of VSC.

9.    On October 1, 2005, Jose Moreira was injured in an accident that occurred at a construction site in Tewksbury, New Jersey, owned by Carlos and Christine Peixoto.

2

10.    Pursuant to an agreement between Jack Macedos and Carlos Peixoto, MCC was acting as the general contractor on the Tewksbury job site.

11.    By October 10, 2005 Jose Moreira's injury had been reported to VSC and Cambridge under both the Workers Compensation Policy and the GL Policy.

12.    On December 28, 2005, VSC and Cambridge closed their internal files on the GL Policy claim because Jose Moreira had not filed any lawsuit.

13.    On December 29, 2005, Cambridge, as the agent of VSC, stated in its internal notes that it would provide coverage to MCC and thus Jose Moreira, under the Workers Compensation Policy.

14.    On October 24, 2006, after already having received substantial workers compensation benefits from VSC, Jose Moreira on file a Petition in the Workers Compensation Court stating in his Petition for benefits that he was an employee of MCC and that he was entitled to additional compensation as an employee for injuries suffered while working for MCC (the "Workers Compensation Action").

15.    On November 16, 2006, Cambridge as VSC's agent sent the Workers Compensation Action to assigned counsel to defend on behalf of MCC.

16.    On July 30, 2007, Jose Moreira filed this tort action against, in part, MCC, captioned *Jose Moreira v. Macedos Construction Company of New Jersey, Inc., et al.*, HUN-L-464-07 (the "Hunterdon County Tort Action").

17.    In this action Jose Moreira disclaims being an employee of MCC and states that he was, instead, a business invitee at the Tewksbury jobsite.

18.    On September 12, 2007, VSC and Cambridge, as VSC's agent, assigned counsel to represent MCC in this action, the Hunterdon County Tort Action.

19.    VSC's and Cambridge's assigned counsel in the Workers Compensation Action and this action, the Hunterdon County Tort Action, were identical.

20.    At all times VSC and Cambridge controlled the decisions of assigned counsel in both the Workers Compensation Action and this action, the Hunterdon County Tort Action.

21.    VSC and Cambridge guided the defense of these cases and made all relevant strategic decisions related to the defenses of the cases on behalf of MCC.

22.    From October 2005 to at least October 2008, VSC and Cambridge controlled every aspect of the Moreira claims for Workers Compensation and third-party liability, including but not limited to investigation, analysis, review and strategic direction of all aspects of the claim.

23.    During this time MCC cooperated with VSC and Cambridge in connection with its investigation and its defense.

24.    From at least October 2005, VSC and Cambridge were aware from the MCC's notices of claims that Moreira's employment status with MCC and MCC's status at the accident site the condition of the construction site and other circumstances were matters that required further investigation.  VSC and Cambridge, , for their own interests and contrary to the interests of MCC,  failed to make a reasonable investigation thereon.

25.    On or about July 2007, when Moreira filed the Hunterdon County Tort Action VSC and Cambridge executed a strategy through counsel assigned to MCC to apply for dismissal of the Hunterdon County Tort Action on grounds of judicial estoppel and Workers Compensation defense and to threaten Moreira with an

4

insurance fraud complaint for claiming he was not an MCC employee. VSC and Cambridge did not inform MCC of its wrongful conduct.

26. Neither VSC nor Cambridge ever sent any reservation of rights letter to MCC related to this action, the Hunterdon County Tort Action.

27. On February 14, 2008, VSC's and Cambridge's assigned counsel, with the knowledge and at the direction of VSC and Cambridge, filed a motion in this matter, the Hunterdon County Tort Action, seeking to have Jose Moreira found to be an employee of MCC and have the case against MCC dismissed due to the Workers Compensation Bar.

28. On November 13, 2008, VSC, after never having sent any reservation of rights letter under either policy, filed an action in the United States District Court for the District of New Jersey captioned *Virginia Surety Company, Inc. v. Jack Macedo, et al.*, Civil Action No. 08-5586 (JAG) (the "Federal RICO Action"), alleging that Jose Moreira, his wife, Carlos Peixoto, MCC, and agents and officers of MCC had conspired to commit a scheme to defraud VSC to obtain insurance coverage in violation of the federal wire and mail fraud statutes and had thus, in turn, violated the Racketeer Influenced and Corrupt Organizations Act ("RICO").

29. On December 16, 2008, VSC's personal counsel sent a letter to MCC's personal counsel to inform them that VSC would be withdrawing its coverage in this the Hunterdon County Tort Action for the reasons set out in the complaint in the Federal RICO Action.

30. On January 28, 2009, VSC's and Cambridge's assigned counsel, with the knowledge and at the direction of VSC and Cambridge, but without consulting or

5

even noticing MCC, filed a Motion to Dismiss for Lack of Employment in the Workers Compensation Action. That motion was filed at the request of VSC and Cambridge despite the fact that VSC's and Cambridge's assigned counsel in this action, the Hunterdon County Tort Action, had filed the motion in this action arguing that Mr. Moreira was, in fact, an employee of MCC.

31. Upon discovery of the Workers Compensation Motion filed by VSC's and Cambridge's assigned counsel, MCC's personal counsel instructed VSC's and Cambridge's assigned counsel to withdraw the motion.

32. On March 24, 2009, VSC's and Cambridge's assigned counsel moved to withdraw from the Workers Compensation Action, arguing that it was in an untenable position because it had been given conflicting instructions on how to handle the matter by MCC and VSC; that motion is still pending.

33. On April 16, 2009, VSC filed a motion to intervene in the Workers Compensation Action to forward a position (that Jose Moreira was not an employee of MCC) that is diametrically opposed to the position that VSC instructed its assigned counsel to forward in this action, the Hunterdon County Action.

34. Neither VSC nor Cambridge has ever declined coverage or issued a reservation of rights letter in the Workers Compensation Action.

## COUNT ONE

## (BREACH OF CONTRACT)

35. MCC hereby realleges and incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

6

2127242-04

36.  The Policies constituted contracts with terms applicable to the relationship between MCC and VSC.

37.  Pursuant to the Policies VSC and Cambridge had an express obligation to provide both defense and indemnification to MCC in the both the Workers Compensation Action and this action.

38.  VSC's and Cambridge's decision to provide a defense and indemnification in both actions for several years indicated that VSC and Cambridge agreed to and understood their obligations to MCC.

39.  VSC and Cambridge never sent any reservation of rights letter to MCC prior to or during its coverage of MCC in either case.

40.  VSC and Cambridge have now declined coverage in this action and have instructed counsel to take positions contrary to the interests of MCC in the Workers Compensation Action and have intervened to forward those positions in that action.

41.  VSC's and Cambridge's decision to now decline to provide either a defense or indemnification is a breach of the GL Policy.

42.  VSC's and Cambridge's decision to intervene in the Workers Compensation Action is a breach of the Workers Compensation Policy.

43.  VSC's and Cambridge's actions in total have exposed MCC to the potential of an excess of limits verdict.

44.  VSC's and Cambridge's actions have damaged MCC by depriving MCC of the benefits of the Policies.

7

## COUNT TWO

### (BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING)

45. MCC hereby realleges and incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

46. VSC and Cambridge had an obligation to deal fairly with MCC in order to provide to the parties the benefit of their bargain.

47. VSC's and Cambridge's decision to provide coverage under both Policies from October 2005 through November 2008 and then to withdraw coverage under the GL Policy at that time caused MCC to lose the benefit of the bargain reached when the parties entered into the GL Policy.

48. VSC's and Cambridge's decision to intervene in the Workers Compensation Action for the purpose of defeating the defense previously offered by VSC and Cambridge in the Hunterdon County Tort Action by seeking to prove in the Workers Compensation Action that Jose Moreira was not an employee of MCC, despite the fact that VSC and Cambridge had instructed MCC's assigned counsel in the Hunterdon County Tort Action to prove employment in order to invoke the workers compensation bar in that action, is an attempt by VSC and Cambridge to prevent MCC from obtaining the benefit of its bargain under the Policies.

49. VSC's and Cambridge's apparent decision to cease coverage in the Workers Compensation Action after more than three years of providing coverage under the Workers Compensation Action has caused MCC to lose the benefit of its bargain under the Workers Compensation Policy.

8

50.  VSC's and Cambridge's decision to decline coverage in the Workers Compensation Action, despite never have sent any reservation of rights letter, has caused MCC to lose the benefit of its bargain under the Workers Compensation Policy.

51.  VSC's and Cambridge's actions have been undertaken with ill will and malice without any legitimate purpose or valid factual basis and the purpose of denying MCC the benefits of its insurance coverage under the Policies, to their economic advantage.

52.  VSC's and Cambridge's actions in total have exposed MCC to the potential of an excess of limits verdict.

53.  VSC's and Cambridge's actions under both Policies have caused MCC to be damaged.

## COUNT THREE

### (CIVIL CONSPIRACY)

54.  MCC hereby realleges and incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

55.  VSC's and Cambridge's actions have prejudiced MCC's valid legal positions in both the Workers Compensation Action and the Hunterdon County Tort Action.

56.  For example, VSC and Cambridge instructed counsel it assigned in the Workers Compensation Action to secretly have the issue of employability decided contrary to the position taken by counsel assigned by VSC in the Hunterdon County Tort Action.

9

57.   VSC and Cambridge and their agents, in violation of their contractual and ethical duties, have undertaken these actions in secret without consulting MCC, its insured.

58.   VSC's and Cambridge's goal has been to have its agents act in a manner that strengthens VSC's claims in the Federal RICO Action to the detriment of MCC in all the actions.

59.   VSC's and Cambridge's concerted conspiratorial actions are designed to injure MCC.

60.   MCC has been damaged by VSC's and Cambridge's actions.

## COUNT FOUR

## (DECLARATORY JUDGMENT PURSUANT TO N.J.S.A. § 2A:16-53)

61.   MCC hereby realleges and incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

62.   The rights of MCC to be defended and indemnified under both the Policies is in dispute as evidenced, in part, by VSC's decisions to: 1) sue MCC in the Federal RICO Action; 2) withdraw the defense it had been providing to MCC in this action; 3) instruct assigned counsel in the Workers Compensation Action to file a motion to dismiss on employability without notice to MCC; and 4) intervene in the Worker Compensation Action.

63.   Further, VSC, in providing a defense in both actions for years is now estopped from declining coverage.

64.   MCC thus seeks a declaratory judgment confirming its rights pursuant to its Policies; namely, that the relationship between the parties is governed by the

10

Policies and VSC has an obligation under the Policies to defend and indemnify MCC in both this action and the Workers Compensation Action.

## COUNT FIVE

### (TORTIOUS BAD FAITH DENIAL OF BENEFITS)

65. MCC hereby realleges and incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

66. VSC and Cambridge are withholding benefits under the Policies for reasons that are not even debatably valid.

67. The economic losses currently being sustained by the policyholder, MCC, are clearly within the contemplation of the insurance company.

68. VSC and Cambridge have breached their duty of good faith to MCC in processing MCC claim as there is no reasonable basis for denying benefits of the policy

69. VSC and Cambridge are acting with knowledge that they may not decline coverage or are acting with a reckless disregard of the lack of a reasonable basis for denying the claim.

**WHEREFORE**, as for all causes of action, MCC demands judgment against VSC and Cambridge as follows:

(A)  ordering VSC to provide a defense and indemnification pursuant to both the GL Policy and the WC Policy;

(B)  awarding damages for VSC' failure to abide by the terms of the GL and WC Policies;

(C)  awarding MCC attorneys fees and costs of suit;

(D)  awarding MCC punitive damages; and

11

(E)    granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

MCC demands a jury on all issues so triable.

By: _____

Peter D. Manahan, Esq.
85 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500

Dated: May 22, 2009

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Peter D. Manahan, Esq. of the law firm Connell Foley LLP is hereby designated as trial counsel for MCC in the above-captioned action.

By: _____

Peter D. Manahan, Esq.
85 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500

Dated: May 22, 2009

## RULE 4:5-1 CERTIFICATION

The undersigned attorney for MCC certifies that this matter is the subject of the following litigations:

- *Jose Moreira v. Macedos Construction Company, Inc. of New Jersey,* CP No: 2006-1071, D.O.: Lebanon; and

- *Virginia Surety Company, Inc. v. Jack Macedo, et al.,* Civil Action No. 08-5586 (JAG).

12

2127242-04

No other action or arbitration proceeding is contemplated. The undersigned further certifies

that, to the best of his knowledge, no other party should be joined in the within action.

Peter D. Manahan, Esq.

Dated: May 22, 2009

2127242-04

# EXHIBIT "B"

McElroy Deutsch Mulvaney & Carpenter LLP
Attorneys for Virginia Surety Company
1300 Mount Kemble Avenue - P.O. Box 2075
Morristown, New Jersey 07962
Phone 973.993.8100

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------x

VIRGINIA SURETY COMPANY, INC.

              Plaintiff,

     - against -

JACK MACEDO, SANDRA MACEDO-BILYNSKY,
CARLOS PEIXOTO, MACEDOS CONSTRUCTION CO.
INC., OF NEW JERSEY, C.C.S. SERVICES OF EAST
HANOVER, INC., JOSE MOREIRA, ROSA GOMES
and JANE DOES 1-3

              Defendants.

------------------------------------------------------------------x

**COMPLAINT**

Civil Action No:

Plaintiff, Virginia Surety Company, Inc., ("Virginia Surety") by its attorneys, McElroy, Deutsch, Mulvaney, & Carpenter, LLP, as and for its complaint against the Defendants alleges upon information and belief as follows:

### Jurisdiction and Venue

1.    This action arises under the Racketeer Influenced and Corrupt Organizations Act of 1970, 18 U.S.C.A. §§ 1961 *et seq.*, as well as the New Jersey Workers Compensation Act N.J.S.A. 34:15-1 et seq., and the New Jersey Insurance Fraud Prevention Act, N.J.S.A. 17:33A-1 *et seq.* Plaintiff seeks to recover the damages it sustained as a result of the Defendants' unlawful conduct, treble damages, the costs of this suit, interest, and reasonable

attorney's fees. The court's jurisdiction is invoked under 28 U.S.C.A. §§ 1331, 1332, and 1367;
18 U.S.C.A. §§ 1964(a) and 1964(c).

     2.  Venue is proper in this district pursuant to 28 U.S.C. 1391(a)(2).

**The Parties**

     3.  At all times relevant herein, Virginia Surety, was and still is a foreign corporation organized and existing under and by virtue of the laws of the State of Illinois, with its principal place of business in Illinois, and is duly authorized to transact insurance business in the State of New Jersey.

     4.  At all times relevant herein, Jack Macedo is an individual, residing in New Jersey, and was a shareholder and a principal of the New Jersey corporation Macedos Construction Company Inc., of New Jersey.

     5.  At all times relevant herein, Sandra Macedo-Bilynsky is an individual, residing in New Jersey, and a principal of the New Jersey company Macedos Construction Company Inc., of New Jersey

     6.  At all times relevant herein, Carlos Peixoto is an individual, residing in New Jersey, and a foreman employed by Macedos Construction Company Inc., of New Jersey

     7.  At all times relevant herein, Macedos Construction Company Inc. of New Jersey was a corporation organized and existing under and by virtue of the laws of the State of New Jersey and maintained its principal place of business in this State.

     8.  At all times relevant herein, Macedos Construction Company Inc. of New Jersey engaged in the business of providing and pouring concrete for commercial construction projects.

2

9.      At all times relevant herein C.C.S. Services Of East Hanover, Inc. was a corporation organized and existing under and by virtue of the laws of the State of New Jersey and maintained its principal place of business in this State.

10.     C.C.S. Services of East Hanover, Inc. is a corporation owned in whole or in part by individual members of the Macedo family.

11.     The shares of C.C.S. Services of East Hanover, Inc. are not owned by Macedos Construction Co. Inc. of New Jersey.

12.     At all relevant times Macedos Construction Co., Inc. of New Jersey and C.C.C. Services of East Hanover, Inc., (collectively "the Enterprise") was an enterprise engaged in, and or which activities affected interstate commerce.

13.     At all relevant times the Enterprise was controlled and operated by members of the immediate family of Jack and Cathleen Macedos.

14.  At all times relevant herein defendants Jack Macedos, Sandra Macedos-Bilynsky, Carlos Peixoto and Jane Does 1 through 3 (the "Macedos Defendants") were persons employed by and\or associated with the Enterprise.

15.  At all times relevant herein defendants Jack Macedos, Sandra Macedos-Bilynsky, Carlos Peixoto and Jane Does 1 through 3 conducted or participated directly or indirectly in the conduct of the Enterprise's affairs through a pattern of racketeering activity.

16.     At all times relevant herein, Jose Moreira is an individual residing at 46 Jackson Avenue, Mineola, New York.

17.     At all times relevant herein, Jose Moreira was a full-time employee of D. Rice Contracting Company.

3

18.    At all times relevant herein, Rosa Gomes is an individual residing at 46 Jackson Avenue, Mineola, New York.

19.    Each of the Defendants acted as agents for each other for the purpose of advancing the fraudulent schemes described below.

### The Facts

20.    Virginia Surety issued a Worker's Compensation and Employers Liability Insurance Policy, number 2CW50068902, to Macedos Construction Co., Inc. of New Jersey, a commercial concrete contractor, for the policy period of March 31, 2005 to March 31, 2006.

21.    Virginia Surety issued a Commercial General Liability Policy, number 2CG0000050068703, to Macedos Construction Co., Inc. of New Jersey for the policy period of March 31, 2005 to March 31, 2006.

22.    In conjunction with the issuance and renewal of the aforesaid Commercial General Liability Policy, defendants represented to Virginia Surety that Macedos Construction Co. Inc. of New Jersey and its affiliates were engaged exclusively in commercial concrete construction projects.

23.    Jose Moreira, was injured on October 1, 2005, while working on a private residence being built by the owners thereof, defendant Carlos Peixoto and his wife Christine Macedo-Peixoto, at 1 Parsonage Lot Road in Tewksbury, New Jersey under building permits numbered T-0-4-516 and T-04-5156+A (the "Peixoto Residence").

24.    Jose Moreira performed work at the Peixoto Residence on September 24-25, 2005 without incident.

4

25.    Jose Moreira was paid for the work performed at the Peixoto Residence on September 24-25, 2005 by means of funds tendered by Carlos Peixoto to Moreira and/or his associate Manuel Covas.

26.    Jose Moreira was never employed by Macedo Construction Co., Inc. of New Jersey.

27.    Jose Moreira was not employed at any relevant time by any subsidiary of Macedo Construction Co., Inc. of New Jersey.

28.    Following Moreira's accident, Carlos Peixoto and the other defendants induced and convinced Moreira to falsely claim that he was an employee of Macedos Construction Co., Inc. of New Jersey, for the purpose of triggering coverage under the Virginia Surety workers compensation policy issued to Macedos Construction Co. Inc. of New Jersey.

29.    Upon information and belief Carlos Peixoto and the Macedos Defendants and each of them communicated with one another and Jose Moreira to convince Moreira to join in their fraudulent scheme from in or about October 1, 2005 through and including October 14, 2005, and in so doing used or caused to be used the mails, telephone, telegraph and other wires dedicated to the communication of electronic data in the United States (hereinafter U.S. mail and wires).

30.    To this end in or about the second week of October 2005 the Macedos Defendants and each of them caused to be delivered, and\or conspired to cause the delivery of a Workers Compensation "Questionnaire" to Moreira, and in so doing used or caused to be used the U.S. mail and wires.

31.    Moreira completed a false and fraudulent Workers Compensation "Questionnaire", stating that he was an employee of Macedos Construction Co., Inc of New Jersey.

32.    On or about October 14, 2005 Moreira and the Macedos Defendants caused the completed Workers Compensation Questionnaire to be submitted to Virginia Surety (via its third party claim administrator) in Bethlehem, Pennsylvania, using the United States Mail and\or wires for the purpose of seeking workers compensation insurance coverage and benefits.

33.    Sandra Macedo-Bilynsky and the Macedos Defendants submitted a First Notice of Claim Form falsely identifying Moreira as Macedos' employee on the date of the accident, for the purpose of notifying Virginia Surety of the Moreira accident on October 5, 2005, and transmitted the same to Virginia Surety via Macedos' insurance broker, using --and intending others to use-- the US mail and\or wires in so doing.

34.    Sandra Macedo-Bilynsky and the Macedos Defendants produced and transmitted or caused to be transmitted to Virginia Surety by means of the U.S. mail and wires false and fraudulent W-2 forms reporting a total of $367.50 dollars as Moreira's yearly earnings from C.C.S. Services of East Hanover, Inc.

35.    Sandra Macedo-Bilynsky and the Defendants submitted the aforesaid Questionnaire, Notice of Claim and W-2 form to Virginia Surety by U.S. mail and wires for the purpose of inducing Virginia Surety to pay insurance benefits and make other payments to or for the benefit of defendants, which benefits and payments were not due and owing.

36.    In reliance upon the foregoing false statements and fraudulent conduct of defendants, and the mail and wire fraud perpetrated upon it, Virginia Surety has paid in excess of

6

$250,000 in insurance proceeds in error to or for the benefit of Defendant Jose Moreira, and to the unjust enrichment of each defendant herein.

37.    By reason of the foregoing fraudulent statements, each of the defendants and their affiliated enterprises and shareholders have been unjustly enriched and improperly protected against liability and expense they would have otherwise incurred.

38.    Defendant Moreira has now revealed, under oath, that he conspired with the other Defendants, to fabricate and misrepresent an employment relationship with Macedos Construction Co. Inc. of New Jersey for the purpose of obtaining workers compensation benefits and the payment of medical expenses to which he was not entitled from Virginia Surety.

39.    In conjunction with his admission that he was not employed by Macedos Construction Co. Inc. of New Jersey, Defendant Moreira commenced an action against that entity and others (the "Moreira Action") to recover damages for his injuries irrespective of the Workers Compensation Bar.

40.    In conjunction with his admission that Jose Moreira was not employed by Macedos Construction Co. Inc. of New Jersey, Jose Moreira withdrew from the Defendants' conspiracy to induce Virginia Surety to pay unwarranted workers compensation benefits, but has not repaid any part of the sums and\or benefits he received and continues to receive.

41.    Virginia Surety, unaware of the Defendants' multiple acts of fraud, defended Macedos Construction Co. of New Jersey in the Action commenced by Moreira pursuant to the Commercial General Liability Policy.

42.    Virginia Surety, has paid no less than $31,891.97 in defending Macedos Construction Co of New Jersey Inc., in the *Moreira* Action, and continues to incur the costs and expense of defense.

7

43. Defendants Macedo, Peixoto and Macedo-Bilynsky have been unjustly enriched by reason of Virginia Surety's defense of the Moreira action.

44. The Enterprise controlled and directed by the Macedos Defendants has been unjustly enriched and through the pattern of mail and wire fraud described herein, and continues to benefit defendants by reason of the racketeering activity of the Macedos Defendants.

45. During the pendency of the *Moreira* Action, Jack Macedo approached Moreira on behalf of himself and the other Macedos Defendants and suggested to Moreira that Moreira terminate his lawsuit against the Peixotos and Macedos Construction Company and continue to collect workers compensation benefits being paid by Virginia Surety.

46. Upon information and believe Defendant Macedo and the other Macedos Defendants employed the U.S. mail and wires to communicate and facilitate the aforesaid attempt to continue to perpetuate their fraudulent scheme against Virginia Surety.

47. During the pendency of the *Moreira* Action, following an inordinate and inexplicable delay, the Defendants produced a document purporting to be a contract between Macedos Construction Co. Inc., of New Jersey and defendant Peixoto for the construction of the Peixoto Residence.

48. Upon information and belief the aforesaid putative contract was a false and fraudulent document that was fabricated for the purpose of presenting the false impression that Macedos Construction Co., Inc. of New Jersey was the contractor engaged to construct the Peixoto Residence, and was the employer of construction workers, including Jose Moreira who performed work at the Residence.

8

49.     The Putative Contract was created and transmitted to Virginia Surety by the Macedos Defendants (other than Moreira) using U.S. mail and wires for the purposes of inducing Virginia Surety to provide and continued to provide insurance coverage to Macedos Construction Co. Inc., of New Jersey, including but not limited to the defense in the *Moreira* action.

50.     The Defendants invented and used the spurious documents and fraudulent means specified in paragraphs 1 through 49 above, and made numerous other false and fraudulent statements, and committed acts and omissions for the purpose of advancing their fraudulent scheme to transfer responsibility and damage to Virginia Surety for any loss, cost or expense that was incurred, or may be incurred in the future, by the Enterprise, the Macedos Defendants and or the business entities owned by defendants and or members of their families, by reason of the injuries claimed to have been sustained by Jose Moreira.

### AS AND FOR A FIRST CASUE OF ACTION
#### (Federal Civil RICO)

51.     Virginia Surety  repeats and re-alleges each of the allegations contained in paragraphs "1" through "50" as if fully set forth herein.

52.     The defendants Jack Macedo, Sandra Macedo-Bilynsky and Carlos Peixoto and Jane Does 1 through 3 conducted and participated in the conduct of the Enterprise's affairs through the pattern of racketeering activity, including mail and wire fraud described in paragraphs "1" through "50" hereof.

53.     The purpose of the Enterprise was and is to unjustly enrich the individual defendants in disregard of the law by affording the Enterprise, and thereby its actual and beneficial owners (the Macedos Defendants) unlawful, unwarranted and unearned financial

benefits at the expense of legitimate and lawful businesses, and to avoid the obligations imposed by law upon corporations conducting business in, and under the laws of, the State of New Jersey so as to further unjustly enrich the defendants.

54.    The defendant Jack Macedos was convicted on April 17, 2008 in the action encaptioned *United States of America v. Jack Macedo and Cathleen Macedo*, (D.N.J.)( Criminal Case No. 08-282)  for violation of 18 USC § 1952(a) (3) (Interstate and foreign travel or transportation in aid of racketeering enterprises)  and 18 U.S.C § 2  (Principals) for unlawful conduct undertaken by Macedo from in or about November 2004 to in or about September 2005 (prior to the conduct alleged herein).

55.    The defendant Jack Macedos has admitted to paying no less than seven bribes in the aggregate sum of $ 110,500 to the Construction Manager retained by Princeton University as consideration for unwarranted, unearned and unlawful payments and advantages for Macedos Construction Co. Inc. of New Jersey, the Enterprise (and consequently the Macedos Defendants) in respect to a construction project let for bid by Princeton University.

56.    In violation of federal law, The Defendant Jack Macedos "did knowingly and willfully travel…in interstate commerce, with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, that is, commercial bribery, contrary to N.J.S.A. § 2D:21-10."

57.    The predicate acts of bribery (18 U.S.C 1961) form a pattern of racketeering activity in that they were perpetrated for the common purpose of obtaining unfair and unreasonable financial advantages for the Enterprise (and thereby the Macedos Defendants) at the expense of legitimate businesses, and avoiding responsibility, loss, expense and liability

for improper, negligent, illicit or illegal conduct by the Enterprise, all to the unjust and illicit enrichment of the Defendants herein.

58.    Defendant Jack Macedo, participated in the Enterprise with the Defendants, for the purpose of executing the fraudulent scheme and common purpose, by creating and or causing the creation of fictitious and false statements contained in the "construction contract" and W-2 form, as well as the fraudulent Worker's Compensation "Questionnaire" and engaged thereby in interstate commerce by use of the mails, telephone, telegraph and other wires dedicated to the communication of electronic data in the United States in presenting these fraudulent documents and material statements to Virginia Surety whether directly or through its agents.

59.    Defendant Jack Macedo, individually, and in conspiracy, engaged in activities affecting interstate commerce, including, among others, transferring fraudulent documents and electronic data that have moved in interstate commerce and creating fictitious contracts and documents for the purpose of procuring and effectuating payments from Virginia Surety, transmitted through interstate commerce.

60.    Defendant Sandra Macedo-Bilynsky, participating in the Enterprise with the Defendants, for the purpose of executing the fraudulent scheme and common purpose, created and produced the fictitious and false statements contained in the construction contract and W-2 form, and Worker's Compensation "Questionnaire" and engaged thereby in interstate commerce by use of the mails, telephone, telegraph and other wires dedicated to the communication of electronic data in the United States in presenting these fraudulent documents and material statements to Virginia Surety.

11

61.    Defendant Sandra Macedo-Bilynsky, individually, and in conspiracy, engaged in activities affecting interstate commerce, including, among others, transferring fraudulent documents and electronic data that have moved in interstate commerce and creating fictitious contracts and documents for the purpose of procuring and effectuating payments from Virginia Surety, transmitted through interstate commerce.

62.    Defendant Carlos Peixoto, participating in the Enterprise with the Defendants, for the purpose of executing the fraudulent scheme and common purpose, created and produced the fictitious and false statements contained in the putative construction contract and W-2 form, and in obtaining the fraudulent participation of Defendant Moreira to assist in submitting a fraudulent Worker's Compensation "Questionnaire" and engaged thereby in interstate commerce by use of the mails, telephone, telegraph and other wires dedicated to the communication of electronic data in the United States in presenting these fraudulent documents and material statements to Virginia Surety.

63.    Defendant Carlos Peixoto, individually, and in conspiracy, engaged in activities affecting interstate commerce, including, among others, communicating with the defendant Moreira and inducing him to commit insurance fraud, transferring fraudulent documents and electronic data that have moved in interstate commerce and creating fictitious contracts and documents for the purpose of procuring and effectuating payments from Virginia Surety, transmitted through interstate commerce.

64.    The transmission of interstate communications by mails, telephone, telegraph or other wires dedicated to the communication of electronic data to effectuate the fraudulent scheme, which occurred on more than one occasion since October 1, 2005, and/or the use of the mails or other delivering agent for purposes of effectuating the fraudulent scheme,

which occurred on more than one occasion since October 1, 2005, constitutes, for the purposes of this action, a pattern of racketeering activity in violation of 18 U.S.C.A. § 1962, for which treble damages, costs of suit and attorney's fees may be sought under 18 U.S.C.A. § 1964(c).

65.    The predicate acts of mail and wire fraud (18 U.S.C §1341 and §1343) set forth in paragraphs 1 through 53, and 57 thorough 64 hereof form a pattern of racketeering activity standing alone, and in conjunction with the predicate acts of the defendant and co-conspirator, Jack Macedo, set forth at paragraphs 54 through 57 in that all such acts were perpetrated for the common purpose of obtaining unfair and unreasonable financial advantages for the Enterprise (and thereby the Macedos Defendants) at the expense of legitimate businesses, and avoiding responsibility, loss, expense and liability for improper, negligent, illicit or illegal conduct by the Enterprise, all to the unjust and illicit enrichment of the Defendants herein.

66.    The patterns of racketeering activity and the Enterprise alleged herein are separate and distinct from each other in that the usual daily activity of the entities comprising the Enterprise is the conduct of a commercial construction business, and the conduct of the Enterprise is to obtain unlawful financial and competitive advantages – specifically monetary profits and the avoidance of costs – at the expense of legitimate businesses in the construction field, including but not limited to owners, competing contractors, and insurers, in order to unjustly enrich the Enterprise and the individuals controlling and participating in control of the same, the Defendants.

67.    The predicate acts of state law bribery, and the predicate acts of federal wire and mail fraud are all related in that they had the same purpose, to unjustly and unlawfully enrich the Enterprise, and thereby the participating defendants, at the expense of legitimate businesses, including but not limited to Virginia Surety.

13

68.    The defendants' scheme to unjustly enrich the Enterprise and thereby defendants by defrauding Virginia Surety through the use of the mail and wires into paying unwarranted workers compensation benefits and litigation expenses continues to this day, and threatens to continue unless this court acts to stop it.

69.    As a direct result of the defendants' fraudulent schemes and pattern of racketeering activity, Virginia Surety sustained concrete damages to its business property; to wit, the total sum of at least $284,698.83.

70.    By reason of the foregoing, Defendants are jointly and severally liable to Virginia Surety in the total sum of at least $284,698.83, together with prejudgment interest, treble damages, costs of suit and attorney's fees.

## AS AND FOR A SECOND CASUE OF ACTION
### (Insurance Fraud)

71.    Virginia Surety repeats and re-alleges each of the allegations contained in paragraphs "1" through "70" as if fully set forth herein.

72.    Defendants, for the purpose of supporting a claim for payment and other benefits pursuant to the aforementioned insurance policies, presented and caused to be presented, written statements knowing that the statements contain false and misleading information concerning facts material to the claim.

73.    Defendants, individually and in conspiracy, created and produced the fictitious and false statements contained in the construction contract, W-2 form, as well as convinced Moreira to engage in insurance fraud by submitting a fraudulent Worker's Compensation "Questionnaire" to Virginia Surety Company knowing that the statements contained false and misleading information concerning facts material to the claim.

14

74.    The Defendants have engaged in a pattern of violating the New Jersey Insurance Fraud Prevention Act to effectuate the fraudulent scheme, which occurred on at least five occasions since October 1, 2005, which for the purposes of this action, constitutes a pattern of violation of N.J.S.A. 17:33A-1 *et seq.*, for which treble damages, costs of suit and attorney's fees are warranted under 17:33A-7(b)

75.    As a direct result of the Defendants' presentation of written statements knowing that the statements contain false and misleading information concerning facts material to the claim, Virginia Surety sustained damages in the total sum of at least $284,698.83.

76.    By reason of the foregoing, Defendants are jointly and severally liable to Virginia Surety in the total sum of at least $284,698.83, together with pre-judgment interest, treble damages, costs of suit and attorney's fees.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Workers Compensation Fraud)

77.    Virginia Surety repeats and re-alleges each of the allegations contained in paragraphs "1" through "76" as if fully set forth herein.

78.    Defendants, and each of them, when making the aforementioned claim for benefits pursuant to N.J.S.A. 34:15-1 et seq., purposely or knowingly made false and misleading statements, representations or submissions concerning facts that are material to that claim for the purpose of wrongfully obtaining the benefits.

79.    Defendants fabricated a fraudulent W-2 form and conspired with Moreira to submit a fraudulent Workers Compensation "Questionnaire" in order to create the appearance of an employer/employee relationship and concealed the true nature of Moreira's status as an non-employee of Macedos Construction Co. Inc., of New Jersey, attempting to fabricate insurance coverage that would not otherwise exist for an accident that had already occurred.

80.    As a direct result of the Defendants' fabrication of a fraudulent W-2 form and conspiracy with Defendant Moreira to falsify a Workers Compensation Questionnaire, which "Questionnaire" Moreira has admitted under oath to contain false statements that are material to that claim, Virginia Surety has paid at least $252,806.86 to or for the benefit of Moreira.

81.    By reason of the foregoing, Defendants are liable to Virginia Surety in the total sum of at least $252,806.86, together with pre-judgment interest accruing at the statutory rate from the dates of payment to date.

### AS AND FOR A FOURTH CAUSE OF ACTION
#### (Common Law Fraud)

82.    Virginia Surety repeats and re-alleges each of the allegations contained in paragraphs "1" through "81" as if fully set forth herein.

83.    Defendants, through the fraudulent scheme set forth herein defrauded Virginia Surety by knowingly making material representations that were false with the intent to deceive Virginia Surety

84.    Virginia Surety relied on the Defendant's false representations and fraudulent conduct.

85.    As a result of the Defendants' fraudulent representations and fraudulent conduct, Virginia Surety was caused to be injured in the amount of no less than $284,698.83.

### AS AND FOR A FITH CAUSE OF ACTION
#### (Conspiracy to Defraud Against All Defendants)

86.    Virginia Surety repeats and re-alleges each of the allegations contained in paragraphs "1" through "85" as if fully set forth herein.

87.    Upon information and belief, Defendants entered into an agreement and conspiracy among themselves to create the appearance (i) that Moreira was an employee of Macedos Construction Co., Inc. of New Jersey; and (ii) that Macedos Construction Co., Inc. of New Jersey contracted to perform work at the property in Tewksbury, New Jersey in order to (a) procure otherwise unavailable workers compensation insurance benefits and (b) liability insurance coverage

88.    Defendants purposefully and knowingly deceived Virginia Surety and misled it into paying the fraudulent workers compensation claim.

89.    The Macedos Defendants purposefully and knowingly deceived Virginia Surety and mislead it into paying the costs to defend a fraudulent third-party liability claim without disclosing to Virginia Surety that Moreira was never an employee of Macedos Construction Co., Inc. of New Jersey, and/or that Macedos Construction Co. Inc. of New Jersey was contractually obliged to perform work at the Tewksbury Residence.

90.    In furtherance of the fraudulent scheme and conspiracy, the Defendants misrepresented to Virginia Surety, that the fraudulent workers compensation claim, construction contract, and W-2 form were legitimate documents, when in fact they were not.

91.    Defendants acted with malice and willful disregard for Virginia Surety's welfare.

92.    As a direct result of Defendants' fraud, Virginia Surety sustained damages in the total sum of at least $284,698.83, together with prejudgment interest accruing at the statutory rate on a pro-rata basis from the date of each aforesaid payment made by Virginia Surety.

17

93.    By reason of the foregoing conspiracy to defraud, Defendants are jointly and severally liable to Virginia Surety in the total sum of at least $284,698.83, together with prejudgment interest accrued.

### AS AND FOR A SIXTH CAUSE OF ACTION
#### (Monies Wrongfully Had and Unjust Enrichment)

94.    Virginia Surety repeats and re-alleges each of the allegations contained in paragraphs "1" through "93" as if fully set forth herein.

95.    Defendants wrongfully obtained monies rightfully belonging to Virginia Surety, and have benefited by reason of professional services rendered on their behalf by attorneys and other professionals retained by Virginia Surety, and thereby have been unjustly enriched for their own personal benefit, for which plaintiff has no adequate remedy at law.

96.    As a direct and proximate result of the foregoing, Virginia Surety sustained damages in the total sum of at least $284,698.83.

97.    By reason of the aforesaid, Defendants have been unjustly enriched and are liable to make restitution to Virginia Surety in the total sum of at least $284,698.83, with prejudgment interest accruing at the statutory rate.

### AS AND FOR A SEVENTH CAUSE OF ACTION
#### (For a Declaratory Judgment Rescinding and Voiding
#### Coverage for Jose Moreira under the Workers Compensation Policy)

98.    Virginia Surety repeats and re-alleges each of the allegations contained in paragraphs "1" through "97" as if fully set forth herein.

99.    By reason of the foregoing, Virginia Surety Company is entitled to a declaration of this Court that (1) insurance coverage never incepted under its Workers Compensation Insurance Policy for the claim or injuries allegedly sustained by Jose Moreira;

18

and/or that the Defendants and each of them have by reason of their false and fraudulent conduct forfeited coverage pursuant to the terms of the said insurance policy and the Workers Compensation law.

### AS AND FOR AN EIGHTH CAUSE OF ACTION

(For a Declaratory Judgment Rescinding and voiding
Coverage under the Commercial General Liability Policy)

100.    Virginia Surety repeats and re-alleges each of the allegations contained in paragraphs "1" through "97" as if fully set forth herein.

101.    By reason of the foregoing, Virginia Surety Company is entitled to a declaration of this Court that (1) that the aforesaid commercial general liability policy is void as a matter of law; and/or, (2) that insurance coverage never incepted under Virginia Surety Company's Commercial General Liability Policy for the claim or injuries alleged by Jose Moreira and\or Rosa Gomez in the Moreira Action; and, (3) that Virginia Surety has no duty to defend or to indemnify Macedos Construction Co. or any of its subsidiaries or affiliates in the *Moreira* Action; and\or, (4) that the defendants herein and each of them have by reason of the false and fraudulent conduct alleged, forfeited all coverage for any claim for defense, indemnity or proceeds of insurance pursuant to the foresaid CGL policy.

WHEREFORE, Plaintiff Virginia Surety Company, Inc., demands judgment against the Defendants as follows:

(a)    On its first and second cause of action, awarding joint and several damages against Defendants in an amount not less then $284,698.83; together with treble damages,

together with interest at from the date of each payment made by Virginia Surety to the date of entry of judgment.

(b)     On its third cause of action, awarding joint and several damages against the Defendants in an amount not less then $253,806.86, together with interest from date of each payment made by Virginia Surety to the date of entry of judgment;

(c)     On the fourth and fifth cause of action, awarding damages against the Defendants in an amount not less then $284,698.83; together with punitive damages in an amount to be determined by the court, together with interest at from the date of each payment made by Virginia Surety to the date of entry of judgment.

(d)     On the seventh cause of action an order of the court adjudging and decreeing that (1) insurance coverage never incepted under the Virginia Surety Company's Workers Compensation Insurance Policy for the claim or injuries allegedly sustained by Jose Moreira; and/or that the Defendants and each of them have by reason of their false and fraudulent conduct forfeited coverage pursuant to the terms of the said insurance policy and the Workers Compensation law;

(e)     On the eighth cause of action fifth cause of action that insurance coverage is void and/or never incepted under Virginia Surety Company's Commercial General Liability Policy for the claim or injuries alleged by Jose Moreira and\or Rosa Gomez in the *Moreira* Action; and, (3) that Virginia Surety has no duty to defend or to indemnify Macedos Construction Co., Inc. of New Jersey or any of its subsidiaries or affiliates in the *Moreira* Action; and\or, (4) that the defendants herein and each of them have by reason of the false and fraudulent conduct alleged, forfeited all coverage for any claim for defense, indemnity or proceeds of insurance pursuant to the foresaid CGL policy; and

(f)    Awarding plaintiff Virginia Surety Company, Inc. its costs, expenses, including attorney's fees incurred in prosecuting this action, and such other and further relief as the Court deems just and proper.

Dated: November  13, 2008

Respectfully,
McELROY, DUETSCH, MULVANEY & CARPENTER, LLP

By    S/ Adam R. Schwartz
    Adam R. Schwartz (AS 8831)
    Richard S. Mills   (RM 0206)
    Attorneys for Plaintiff
    1300 Mount Kemble Avenue
    P.O. Box 2075
    Morristown, New Jersey 07962
    Phone 973.993.8100